UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE NEWELL,

       Plaintiff,

                                   Case No. 12-cv-14928

v.

                                   Hon. Denise Page Hood

COUNTY OF WAYNE, JERIEL D. HEARD,
ERIC SMITH, RAY JOHNSON, ALEX
CHAHINE, IRA TODD, JOHN DOE I, and
JOHN DOE II,

       Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS
UNTIL RESOLUTION OF CRIMINAL INVESTIGATION
AND
ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

**I.      INTRODUCTION**

Now before the Court is Defendants' Motion to Stay Proceedings Until Resolution of Pending Criminal Investigation and Plaintiff Renee Newell's Motion for Sanctions. Briefs have been filed and a hearing held on the matter. For the reasons stated below, Defendants' Motion to Stay is DENIED and Plaintiff's Motion for Sanctions is DENIED, but an Amended Scheduling Order will be issued.

**II.     BACKGROUND**

Plaintiff is the former Director of Jail Compliance for the Wayne County Sheriff's Office. [Search Warrant Affidavit, Docket No. 8, Pg ID 52] She was terminated from this position in May 2012. *Id*

On July 24, 2012, several members and executives of the Wayne County Sheriff's Office received an electronic message from Tom Truth. [Search Warrant Affidavit, Docket No. 8, Pg ID

52] The message "reported information of public corruption, obstruction of justice, possession with intent to distribute cocaine and other incidents of criminal activity conducted by Wayne County Sheriff's Office Executive Eric V. Smith." *Id.*  Attached to the message was a document with the following statement: "Enclosed you will find an authentic criminal docket of an open federal criminal case against your Executive Chief of the Wayne County Sheriff's Office, Eric V. Smith. In 1995, Smith was caught, arrested, and charged with being in possession of cocaine with intent to distribute." *Id.*  The apparent case number is 2:95-mj-80993.[1]

Upon receipt of the email, Sheriff Benny N. Napoleon directed Deputy Chief Dennis Richardson and the Deputy Chief Tonya Guy to investigate the allegations. [Search Warrant Affidavit, Docket No. 8, Pg ID 53]  On July 20, 2012, Sergeant William Liczbinski of the Internet Crime Unit investigated the origin of the email and determined that the email was created and sent by Plaintiff. *Id.*  Based on the affidavit, Magistrate Judge Renee McDuffee found probable cause that the crimes of criminal slander, Mich. Comp. Laws § 750.370, malicious annoyance by writing, Mich. Comp. Laws § 750.390, false report of crime, Mich. Comp. Laws § 750.411a, and public corruption, Mich. Comp. Laws § 750.125, were committed and authorized a search of Plaintiff's residence. *Id.* The search warrant returned cell phones, computers and computer paraphernalia. [Search Warrant Affidavit, Docket No. 8, Pg ID 60]

Plaintiff filed a 42 U.S.C. § 1983 claim in Wayne County Circuit Court on October 16, 2012 alleging violation of her First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights. [Docket No.

---

[1] This is an actual case number for a criminal case in the Eastern District of Michigan. The case is marked unassigned and involves Possession with Intent to Distribute Cocaine. An unsecured bond was entered for Eric V. Smith for $50,000 on October 31, 1995. There are no other entries on the docket.

1] She further claims a violation of state constitutional rights, intentional inflection of emotional distress and gross negligence. Defendants removed the action to this Court on November 5, 2012.

On December 19, 2012, Deputy Chief Dennis Richardson declared that Plaintiff's criminal investigation closed and the matter "turned over to the prosecuting officials." [Declaration of Deputy Chief Dennis Richardson, Docket No. 8, Pg ID 62]  To date there is no indication that Plaintiff is charged with any criminal allegations.

## III.    MOTION TO STAY PROCEEDINGS

### A.    *Heck v. Humphrey* Doctrine

Defendants moved the Court for a stay of proceedings pending a resolution of the criminal investigation.  Defendants argue that Plaintiff's § 1983 suit is (1) a collateral and preemptive attack and (2) could invalidate possible future convictions.  Defendants assert that *Heck v. Humphrey,* 512 U.S. 477 (1994) applies not only to criminal convictions, but also extends to criminal investigations. [Doc # 8, Pg ID 43]   *Heck* states that if "a convicted person seeks a 42 U.S.C. § 1983 action for a violation of his/her civil rights, the conviction must first be overturned, expunged or reversed by state tribunal." [Defendants' Motion Doc # 8, Pg ID 43 *(citing Heck,* 512 U.S. at 486-87)] Defendants argue that the *Heck* rule extends in "circumstances where police officials are in the process of investigating, but have yet to present the case to prosecutors for charging decisions." *Id.* The Plaintiff's suit "could imply an invalidity of a criminal conviction and should be dismissed by the court." *Id.*

42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any [State] statute . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. §1983; *Carey v.*

*Piphus,* 435 U.S. 247, 254-257 (1978). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Carey,* 435 U.S. at 254-57, *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

The Court finds the Defendants' argument without merit. Although many § 1983 actions are filed by individuals charged or convicted of crimes, it is not a pre-requisite for filing such an action. Defendants are correct that *Heck* holds that a conviction must be reversed before a § 1983 lawsuit can be filed. *Heck*, 512 U.S. at 486-487. Here, an expansion of *Heck* to the pending criminal investigation is inapplicable. By the Defendants' own admission, they have concluded their investigation and turned it over to the Prosecutor. [Declaration of Deputy Chief Dennis Richardson, Docket No. 8, Pg ID 62]  The prosecuting officials have not charged the Plaintiff.

Plaintiff's § 1983 suit is not a preemptive attack on the criminal case because there is no criminal case.  Unlike *Heck*, where the defendant was attempting to use a federal court to stop his own state criminal prosecution, this Plaintiff is not.

### B.   *Younger* Abstention Doctrine

Defendants argue that Plaintiff's "entire [civil] lawsuit complains about the facts and circumstances related to a pending criminal investigation." [Doc # 8, Pg ID 43]  Defendants assert that the Court should abstain this action under the *Younger*.  For the reasons set forth below, the *Younger* doctrine of abstention is inapplicable.

The Supreme Court in *Younger v. Harris*, 401 U.S. 37, 41 (1971), emphasized that American jurisprudence is based on the idea of "Our Federalism" which venerates the principles of equity and comity for States' Rights and jurisdiction.. The *Younger* doctrine dictates that federal courts should

abstain from interfering in "state proceedings . . . so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate". *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). In *Younger*, the defendant petitioned the federal district court for an injunction to stop the state from prosecuting him. The district court granted the stay, but the Supreme Court reversed. The Supreme Court re-affirmed its earlier decision in *Beal v. Missouri Pac. R. R. Corp.,* 312 U.S. 45, 49-50 (1941) that "interference with the processes of the criminal law in state courts . . . and the determination of questions of criminal liability under state law by federal courts of equity can be justified only in most exceptional circumstances, and upon clear showing that an injunction is necessary in order to prevent irreparable injury." *Id.* "The state courts are the final arbiters of [state's laws] meaning and appropriate application, [and] subject only to review . . . if such construction or application is appropriately challenged on constitutional grounds." *Hygrade Provision Co. v. Sherman*, 266 U.S. 497 (1925); *Fenner v. Boykin*, 271 U.S. 240 (1926). *Younger* mandates that federal courts should not interfere with a state process unless there are extreme conditions and barring any of those conditions should defer to state court proceedings. Courts should look to abstain (1) in instances in which there are on-going state proceedings; (2) if the state proceedings implicate important state interest; and (3) if the state proceedings afford an adequate opportunity to raise federal questions.

In this case, there is no current criminal matter against Plaintiff. Although Defendants argue that they completed their criminal investigation on December 19, 2012 and a warrant request was submitted to the Wayne County Prosecutor Office, the prosecutor's office has not acted upon the

request.[2]  There may be an ongoing criminal investigation, but to date, Defendants have not shown that there is a criminal action against Plaintiff.  Defendants are unable to show that there are on-going proceedings against Plaintiff at this time.  Defendants have not met the requirements under *Younger* in order for the Court to abstain from this case.

### C.      Stay

A stay may be appropriate when the facts of the civil and criminal are closely related and can lead to some constitutional issues. *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) In those cases, "'[c]ourts are afforded th[e] discretion [to grant a stay] because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case.'" *Chao*, 498 F. Supp. 2d at 1037 (*quoting Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995)). "A [stay] is not a preliminary adjudication on the merits, but a device for preserving the status quo, and preventing the irreparable loss of rights before judgment." *Textile Unlimited v. A. BMH & Co. Inc.,* 240 F.3d 781, 786 (9th Cir. 2001).

A stay of a civil case is an extraordinary remedy that should be granted only when justice so requires. *See Pelzer v. City of Pa.,* 2007 WL 1377662, at *2 (E.D. Pa. May 7, 2007); *Crawford & Sons, Ltd. v. Besser,* 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004). The court must weigh several factors to determine whether it is appropriate to grant a stay.  These considerations include (1) the

---

[2] As noted in Plaintiff's Motion for Sanctions filed in July 2013, the Wayne County Prosecutor's Office has since referred this matter to the Michigan State Police.

6

2:12-cv-14928-DPH-DRG   Doc # 23   Filed 08/29/13   Pg 7 of 10   Pg ID 355

extent to which criminal and civil issues overlap; (2) the posture of the criminal proceedings; (3) the interest of the plaintiff in proceeding expeditiously and weighed against the potential prejudice cause by the delay; (4) the burden imposed on the defendants; (5) the interest of the courts; and (6) the interest of the public. *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund,* 886 F. Supp. at 1139; *see also Chagolla v. City of Chicago,* 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008) (footnotes and citations omitted).

The analysis for granting a stay begins by examining the extent to which the criminal and civil cases overlap. The more the cases connect, the more likely a stay will be granted. *Sec. & Exch. Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1376 (D.C. Cir. 1980). In *Chagolla*, the plaintiff was falsely arrested and detained by a police officer employed by defendant. The plaintiff was later released and the police officer was charged criminally for abuse of power in several other instances. The court granted the stay, finding that Chagolla might seek to use other similar events to support his claim against defendants. *Chagolla*, 529 F. Supp. 2d at 946 (N.D. Ill. 2008).

As to the first factor, Defendants argue that the Plaintiff's civil suit and the criminal investigation are inextricably linked. Plaintiff's civil suit was initiated in response to a criminal investigation by the Defendants. Defendants' criminal investigation was prompted by anonymous emails sent to executives of Wayne County Police Department. The investigation led to the Plaintiff. As part of the investigation, Defendants' executed a search warrant and seized the property of the Plaintiff. Plaintiff alleges that the search warrant was fraudulently obtained based on false information and that the subsequent search was a violation of her civil rights.

The second factor considered is the posture of the criminal proceedings. Courts have been less likely to grant a stay of the proceedings, if the individual has yet to be indicted. *Chao*, 498 F.

7

Supp. 2d at 1038. The lack of an indictment is not dispositive of whether to deny a motion for a stay, however it is a persuasive factor in that determination. *Id*. at 1039.  In *Chao*, the court noted that it is "concerned that because Defendants have not yet been indicted, a stay of indefinite duration will further delay any ultimate recovery" which goes to the third factor of the interest to plaintiff as a result of any delay. *Chao*, 498 F. Supp. 2d at 1040.  The lack of criminal state proceedings weighs against granting the stay. There have been no criminal charges against Plaintiff in connection with the search warrant at issue. Unlike *Chao,* there is nothing to support that the "indictment appears to be more than some fanciful and far-off possibility." *Chao*, 498 F. Supp. 2d at 1040. "The fact [Plaintiff] face[s] only the threat of criminal charges, and no actual charges as yet, weighs against a stay." *Chagolla,* 529 F. Supp. 2d at 946.

The fourth factor is weighed against Plaintiff's right to proceed in this Court.  In this case, Defendants must present evidence that the criminal investigation was brought in good faith and not retaliatory.  Defendants have argued that denying the stay would hinder their criminal investigation. However, the criminal investigation concluded seven months ago and no further action was taken. The Court is unconvinced at this time that Defendants will suffer an onerous burden if the civil case were to proceed.  On the other hand, a stay will impose a delay on the civil proceedings which is contrary to the Plaintiff's interest. Defendants are effectively asking the Court to stay the Plaintiff's case indefinitely and that would be tantamount to a denial of her day in court.

The last two considerations are the interests of the Court and the public. The Court has an interest of managing the docket to provide a resolution for the case. The public's interest is both to reach a resolution of any civil matter before this Court and to a resolution of any criminal matter before the State court.

8

After weighing the all the factors above, the most important factor to this Court is the lack of a criminal charge against Plaintiff, even after the criminal investigation has ended. Without more, it is premature to grant any stay at this time.

## IV.    MOTION FOR SANCTIONS OR SET NEW SCHEDULING ORDER

Plaintiff seeks sanctions against Defendants because of the deposition testimony of Sgt. Richard Sanchez of the Michigan State Police who testified that there was no ongoing investigation on Plaintiff. The Wayne County Prosecutor referred the matter to the State Police. Plaintiff asserts this fact was not revealed to the Court and that Defendants should be sanctioned for failing to do so and misrepresenting to the Court the status of the criminal investigation. Plaintiff further asserts that Deputy Chief Richardson's affidavit and deposition testimony are contradictory in that the case was referred to the Michigan State Police. Richardson had testified that the matter was turned over to Robert (Bob) Donaldson of the Wayne County Prosecutor's Office. Plaintiff asserts the discovery in this case has been obstructed and that Defendants' motion regarding the stay is without merit.

Defendants respond that even though there is no current investigation by the Michigan State Police as to Plaintiff, Sgt. Sanchez has left the matter open as to Plaintiff's role in the investigation. Defendants argue that a stay should be entered in this matter.

The Court will not issue sanctions against Defendants at this time. After hearing arguments on this issue, the Court is satisfied that Defendants have not shown that there is a current criminal investigation of Plaintiff. The Court will not indefinitely stay the case until such time as Plaintiff is criminally charged, if at all. The matter will move forward. If in the future Defendants demonstrate sufficient facts to show that criminal charges have been brought against Plaintiff, Defendants are free to file another motion.

9

**V.     CONCLUSION**

For the reasons set forth above,

**IT IS ORDERED** that the Defendants' Motion to Stay of Proceedings Until Resolution of

Pending Criminal Investigation [Doc. No. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions [Doc. No. 15] is

**DENIED**, but an Amended Scheduling Order is issued and Plaintiff may re-serve any discovery

requests in this matter.


s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  August 29, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August
29, 2013, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager