## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RENEE NEWELL,

      Plaintiff,

                                    Case No. 12-14928

v.                                 HON. DENISE PAGE HOOD

WAYNE COUNTY, et al.,

      Defendants.

_____/

## ORDER GRANTING MOTION FOR LEAVE TO FILE ADDITIONAL AFFIRMATIVE DEFENSE [#112] AND GRANTING MOTION FOR ENTRY OF ORDER OF DISMISSAL [#114]

## I.    INTRODUCTION

Plaintiff Renee Newell filed this 42 U.S.C. § 1983 action on November 5, 2012, alleging that Defendants violated her constitutional rights when they obtained an illegal search warrant from a state court magistrate pursuant to an application that contained an intentionally false statement. During 2012, Plaintiff also brought a state court whistleblower action against Wayne County (one of the defendants in this case). A jury returned a verdict in favor of Wayne County in the state court action, and the state court later entered an order awarding Wayne County $188,961.60 in case evaluation sanctions due to Plaintiff's rejection of the case evaluation award (the "State Court Award"). Plaintiff has not paid any of the State Court Award to Wayne

County.

On August 4, 2015, Plaintiff filed a petition for Chapter 7 bankruptcy, and as a result, this Court stayed this case on August 27, 2015.  The Court re-opened this matter on January 22, 2016.  On March 16, 2016, Defendants filed a Motion for Leave to File Additional Affirmative Defense [Dkt. No. 112], and on March 23, 2016, Defendant Jeriel Heard filed a Motion for Entry of Order of Dismissal with Prejudice [Dkt. No. 114].  Both Motions are fully briefed, and a hearing on the Motions was held on May 4, 2016.

## II.     ANALYSIS

### A.     Motion for Leave to File an Additional Affirmative Defense

As Defendants expressed at a status conference held on March 14, 2016, they seek to amend their affirmative defenses to add the defense of setoff of the State Court Award.   Plaintiff opposes Defendants' motion because the Bankruptcy Court dismissed Wayne County's claim that the fee-shifting procedures under Michigan Court Rule 2.403 were non-dischargeable. Plaintiff argues, and it is undisputed, that the Bankruptcy Court held that the State Court Award was dischargeable and dismissed Wayne County's claim.[1]  Because the Bankruptcy Court held that the State

---

[1] It also is undisputed, but irrelevant, that Wayne County has appealed that decision by the Bankruptcy Court, which matter remains pending.

Court Award was dischargeable, Plaintiff contends that "this Court should not allow Wayne County to void that ruling by allowing a debt set-off for the amount" of the State Court Award. Plaintiff does not cite any authority for its argument; the only cases Plaintiff cited were set forth in the Bankruptcy Court's decision and bear on whether the State Court Award was dischargeable.

Defendants argue that the Bankruptcy Court's determination that the State Court Award was dischargeable does not bear on whether Defendants can setoff the State Court Award against any damages Plaintiff might be awarded in this case. Defendants argue that:

> "The right to setoff is a widely recognized common law right which allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Gordon Sel-Way, Inc. v. United States*, 270 F.3d 280, 290 (6th Cir. 2001) (quoting *Citizens Bank of Md. v. Strumf*, 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995)). "Although the Bankruptcy Code does not provide an explicit right to setoff, the common law right is generally preserved in bankruptcy." *Id.*

*Tworek v. Asset Acceptance, LLC*, No. 09-13373, 2010 WL 707365, at *2 (E.D. Mich. Feb. 23, 2010). Plaintiff did not address either *Gordon Sel-Way* or *Tworek* in her response brief. Plaintiff also did not address 11 U.S.C. § 553(a), which provides:

> Except as otherwise provided in this section and sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the

3

case.

State law governs the substance of the setoff claim under § 553(a). *In re New Haven Foundry, Inc.*, 285 B.R. 646 (Bankr. E.D. Mich. 2002); *In re Wiegand*, 199 B.R. 639, 641 (W.D. Mich. 1996). Michigan allows setoff as a legal or equitable remedy "when two entities that owe money to each other apply their mutual debts against each other . . ." *Siciliano v. Mueller*, No. 22258, 2001 WL 1699801, at *6 (Mich.Ct.App. Dec. 28, 2001) (citing 20 Am.Jur.2d, Counterclaim, Recoupment, and Setoff §§ 6-7, 14, 32, 37, 47-48). *See also In re New Haven Foundry*, 285 B.R. at 647-48 (under Michigan common law, creditor has a right of setoff against debtor, by which creditor could offset any debt it owed to debtor).

Defendants' position that a right to setoff survives a Chapter 7 bankruptcy discharge (other than those excepted pursuant to 11 U.S.C. § 553(a)) is consistent with the majority of courts that have considered whether setoff may be exercised against discharged debt. *See, e.g., In re Ketelsen*, 282 B.R. 208, 212 (Bankr. E.D. Tenn. 2001) ("the majority of courts considering the issue have concluded that discharge does 'not prohibit the defensive use of setoff in a subsequent action by the debtor'"); *In re Wiegand*, 199 B.R. 639, 641 (W.D. Mich. 1996) ("a majority of courts"); 5 COLLIER ON BANKRUPTCY 553.08[1] (15th ed. rev. 2000) (text, n.5 and n.6). As the *In re Ketelsen* court stated:

The overwhelming majority of courts considering this issue, however, have rejected the *Johnson* and *Dezarn* decisions and have allowed discharged debts to be raised defensively in order to offset or reduce the creditor's liability on a prepetition obligation regardless of whether the action is instituted by the estate or the debtor. In *Slaw Constr. Corp. v. Hughes Foulkrod Constr. Co. (In re Slaw Constr. Corp.)*, 17 B.R. 744 (Bankr. E.D. Pa.1982), the court stated:

> If the court in *Johnson* were correct in its interpretation of § 553, then a debtor could prevent a creditor from effecting a setoff by waiting to file suit on a prepetition transaction until after he had filed a petition for relief. <u>We conclude that the proper interpretation of § 553 is that it allows the setoff of mutual debts both of which arose before bankruptcy, regardless of when suit thereon is instituted. This would, thus, allow a creditor to raise a discharged debt as a defense to an action brought by the debtor, regardless of when that action is instituted, if that action is based on a claim or cause of action which arose before bankruptcy.</u> Although this would seem to be inconsistent with the language of § 524(a)(2) which prohibits the use of a discharged debt as a setoff, § 553(a) of the Code states that the right of setoff is preserved notwithstanding any other section of the Code except for certain limited exceptions.

*Id*. at 748.

In *In re Conti*, 50 B.R. 142 (Bankr.E.D.Va.1985), the court reconciled the apparent conflict between § 524(a)(2) and § 553 by concluding that § 524(a)(2)'s offset injunction was limited to attempts by a creditor to offset discharged debt against a postpetition obligation to the debtor, and did not affect the offset of mutual prepetition obligations permitted by § 553. *Id*. at 149 ("[Section] 524(a)(2) is not meant to extinguish the right to setoff which is preserved in § 553 of the Code.").

*In re Ketelsen*, 282 B.R. at 212-13 (emphasis added).

Likewise, the *In re Wiegand* court stated:

5

Although there is not total agreement on this issue, a majority of courts have held that a creditors right to setoff survives the bankruptcy court's final discharge of the bankrupt's debts, provided that a right to setoff existed at the time the bankruptcy petition was filed. *In re De Laurentiis Entertainment Group Inc.*, 963 F.2d 1269, 1276 (9th Cir.1992), *cert. denied sub nom.* 506 U.S. 918, 113 S.Ct. 330, 121 L.Ed.2d 249 (1992); *In re Buckenmaier*, 127 B.R. 233, 236-37 (9th Cir. BAP 1991); *In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir.1990). *But see In re Dezarn*, 96 B.R. 93 (Bankr.E.D.Ky.1988) (holding that the effect of discharge is to extinguish debt by enjoining creditors from all collection efforts, including setoff); *In re Johnson*, 13 B.R. 185 (Bankr.M.D.Tenn.1981) (holding that setoff cannot be asserted after discharge). This Court believes the majority view to be better reasoned.

Because "setoffs in bankruptcy have long been 'generally favored,' [ ] a presumption in favor of their enforcement exists." *De Laurentiis*, 963 F.2d at 1277 (quoting *Buckenmaier*, 127 B.R. at 237). Moreover, the primacy of setoffs is essential to the equitable treatment of creditors. *Id*. It would be unfair to deny a creditor the right to recover a debt from a debtor while at the same time requiring the creditor to fully satisfy a debt to the debtor. It was to avoid this unfairness to creditors that setoffs were allowed in bankruptcy in the first place. *Id*.

Further, the primary purpose of discharge is to prohibit post-bankruptcy debt collection. Credit Union did not collect its debt from Wiegand. It merely offset its obligation to the Wiegands with that of Wiegands to Credit Union. The primary purpose of discharge in bankruptcy is not disserved. Thus, it was proper for the bankruptcy judge to allow setoff against discharged debt.

*In re Wiegand*, 199 B.R. at 641-42 (emphasis added). *See also In re Tostige*, 537 B.R. 847, 851-52 (Bankr. E.D. Mich. 2015) ("this Court finds persuasive, and agrees with, the cases holding that a right to setoff meeting the requirements of § 553(a) survives a Chapter 7 bankruptcy discharge").

6

The Court finds that Defendants have a right to amend their pleadings to add an affirmative defense of setoff as it relates to State Court Award.[2]   First, an overwhelming majority of courts have reached the conclusion that a discharge of a debt in bankruptcy does "not prohibit the defensive use of setoff in a subsequent action by the debtor." *In re Ketelsen*, 282 B.R. at 212. Second, those decisions are well-reasoned, particularly as setoffs in bankruptcy have long been favored because they are is essential to the equitable treatment of creditors, *In re De Laurentiis*, 963 F.2d at 1277 (citation omitted), and do not disserve the primary purpose of discharge, which is to prohibit post-bankruptcy debt collection. *In re Wiegand*, 199 B.R. at 642.

Third, both the State Court Award and the events underlying Plaintiff's claim that form the basis of any debt Defendant Wayne County might owe Plaintiff existed at the time Plaintiff filed her bankruptcy petition, within the meaning of § 553(a). Fourth, none of the exceptions to the survival of a right of setoff in § 553(a) (contained in §§ 553(a)(1) through 553(a)(3)) apply to the debt of Plaintiff to Defendant Wayne County.

The Court grants Defendants' Motion for Leave to File Additional Affirmative

---

[2]This defense, however, only becomes relevant and applicable if Plaintiff is awarded damages in this case.  It is a <u>defense</u> to payment of damages, and it cannot be used offensively to preclude liability. *See, e.g., Tworek*, 2010 WL 707365, at **2-3.

Defense [Dkt. No. 112].

Defendants also request an award of costs and attorneys fees because "Plaintiff's withholding of consent to the relief sought by this motion was unreasonable." The Court denies Defendants' request for costs and fees. The Sixth Circuit has not ruled on this issue, and existing authority (none of which is binding) is not uniform, *i.e.,* there are some jurisdictions that have concluded that the discharge of a debt precludes setoffs. For these reasons, Plaintiff's objection to Defendants' Motion  for Leave to File Additional Affirmative Defense was not unreasonable or unwarranted.

### B.    Motion for Entry of Order of Dismissal with Prejudice

At a hearing before the Court on October 7, 2014, counsel for Defendants sought the dismissal of Defendant Jeriel Heard. At that time, counsel for Plaintiff agreed to dismiss Defendant Jeriel Heard, with prejudice. On March 18 and 22, 2016, counsel for Defendant emailed counsel for Plaintiff for the purpose of obtaining a stipulation to a written order dismissing Defendant Heard, with prejudice. Counsel for Plaintiff did not respond to that request by March 23, 2016, and Defendant Jeriel Heard filed the Motion for Entry of Order of Dismissal with Prejudice that day. In the Motion for Entry of Order of Dismissal with Prejudice, Defendant Jeriel Heard seeks dismissal of the cause of action with prejudice and an award of costs against Plaintiff

8

for unreasonably withholding consent.

On March 30, 2016, Plaintiff filed a response indicating that she stipulated to the entry of an order dismissing Defendant Jeriel Heard, with prejudice. Plaintiff objects to Defendant Jeriel Heard's request for an award of costs and asks the Court to award Plaintiff costs for "having to deal with" this motion, even though Plaintiff stipulated to the relief requested.

At the hearing on May 4, 2016, the parties stipulated to the entry of the order of dismissal, with prejudice, that was attached to Exhibit 2 of Defendant Jeriel Heard's Motion [Dkt. No. 114], and the Court entered the "Stipulated Order of Dismissal with Prejudice of Defendant Jeriel Heard."

The Court denies Defendant Jeriel Heard's request for an award of costs for having to file the Motion. This matter was addressed on the record in October 2014, nearly 18 months before the Motion was filed. In light of that delay, Plaintiff should not be sanctioned for failure to stipulate–within three business days–to an order dismissing Defendant Jeriel Heard. Likewise, the Court denies Plaintiff's request for costs for having to respond to the Motion for Entry of Order of Dismissal, especially as Plaintiff fails to even offer any argument to support its request.

## III.   CONCLUSION

For the reasons stated above,

9

IT IS ORDERED that Defendants' Motion for Leave to File Additional Affirmative Defense [Dkt. No. 112] is GRANTED.

IT IS FURTHER ORDERED that Defendant Jeriel Heard's Motion for Entry of Order of Dismissal with Prejudice [Dkt. No. 114] is GRANTED.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  May 11, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 11, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager