UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE NEWELL,

       Plaintiff,

v.

       Case No. 12-14928
       Honorable Denise Page Hood

COUNTY OF WAYNE, RAY
JOHNSON, ALEX CHAHINE,
IRA TODD, BENNY NAPOLEON,
DENNIS RICHARDSON, and DON
FARRIS,

       Defendants.

_____/

## ORDER DENYING DEFENDANT RICHARDSON'S MOTION FOR RECONSIDERATION [#146]

**I.    INTRODUCTION**

Plaintiff filed this cause of action on October 17, 2014, alleging that Defendants violated her constitutional rights when they obtained an illegal search warrant from a state court magistrate pursuant to an application prepared by Defendant Ira Todd ("Todd") and approved by Defendant Dennis Richardson ("Richardson") that contained intentionally false statements and omissions. On March 31, 2017, the Court issued an Order that denied Richardson's Renewed Motion for Summary Judgment. On April 13, 2017, Richardson filed a Motion for Reconsideration. Dkt. No. 146.

## II. BACKGROUND

The relevant facts regarding this case were set forth in the Court's March 31, 2017 Order. The Court incorporates those facts by reference in this Order.

## III. ANALYSIS

### A. Legal Standard

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or

reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

**B.    Analysis**

Richardson first contends that there is no dispute regarding the propriety of Plaintiff's termination because a state court jury rejected her whistleblower claim and concluded that Defendant Wayne County did not improperly terminate her. The Court finds this argument irrelevant at this stage of the proceedings because: (1) Richardson did not identify this fact in its renewed motion for summary judgment or briefs pertaining to that motion; (2) the Court only stated in its March 31, 2017 Order that Plaintiff believed she was wrongfully terminated and did not make any conclusions based on Plaintiff's belief; and (3) the propriety of Plaintiff's termination is not dispositive of, nor does it have any bearing on, her claim that Defendants obtained an illegal search warrant. As this contention does not establish a palpable defect by which the Court was misled, it does not warrant granting Richardson's renewed motion for summary judgment on the basis of qualified immunity.

Richardson next argues that the Court erred in finding that Defendant Benny Napoleon ("Napoleon"), Richardson, Todd or anyone else knew the identity of "Michael Bowles" at the time the search warrant was issued and executed. Richardson erroneously assumes and concludes several things in conjunction with that

argument. First, nowhere in the Order does the Court state or assume that any of the Defendants knew who "Michael Bowles" was at the time of the search warrant. Second, there is evidence that Richardson knew of texts (and possibly at least one call) between Napoleon and the number assigned to "Michael Bowles" prior to the issuance of the search warrant. Third, the language from a July 23, 2012 text from Napoleon to the number assigned to "Michael Bowles" (language that was not challenged by Richardson) stated, in part: "By the way do your home, that malicious email u sent has been verified to be false . . ." That text constitutes evidence that Napoleon knew that the person using the "Michael Bowles" number was the same person who had authored the Tom_Truth email.

Fourth, the March 31, 2017 Order makes no reference to a 15-minute phone call (though Richardson focuses on that "fact"). In a light most favorable to Plaintiff (the manner in which the Court must view all facts at issue), there was a 13 second phone call from Napoleon to the number assigned to "Michael Bowles." The evidence which supports such a finding is that the phone records: (a) for Napoleon's phone show that a 13 second outgoing call was made to the number assigned to "Michael Bowles," and (b) the phone records for the number assigned to "Michael Bowles" shows that a 14 second incoming call from Napoleon's phone number occurred at the same time on July 23, 2012. Contrary to Richardson's suggestion, the 14 seconds for the incoming

4

call would commence at the time the incoming call was answered – and that the 14 seconds would not have been triggered (charged) if the call from Napoleon had not been answered at all. In a light most favorable to Plaintiff, this means there was connection between those phones of approximately 13 seconds . From the foregoing circumstances, a reasonable fact finder could find that a call occurred and that Napoleon would know whether the voice on that call was male or female. Again, despite Richardson's argument, the Court made no finding (or even a suggestion) that Richardson knew the identity of the person associated with the number assigned to "Michael Bowles."

Fifth, Richardson claims that Plaintiff could have been sending the harassing emails or text messages (or been a co-conspirator or accomplice). The Court agrees that Plaintiff <u>could</u> have been involved, but for purposes of deciding a summary judgment motion, the Court must assume that Plaintiff did not participate in the harassing emails or text messages because Plaintiff has denied doing so. For all of these reasons, the Court cannot find any palpable defect by which it was misled with respect to Richardson's knowledge about communications between Napoleon and "Michael Bowles" prior to issuance of the search warrant.

Richardson then asserts that Plaintiff did not produce any evidence to show that Todd's representation of a common theme between several emails written by Plaintiff

5

and the Tom_Thumb email constituted a "deliberately falsehood." The Court cannot agree. Plaintiff produced evidence from which a reasonable fact finder could determine that Todd deliberately falsified the representations in paragraphs 3 and 4 of the search warrant affidavit. The Court's review of the Tom_Thumb email and the Plaintiff's letters reveals that a reasonable fact finder could determine that there was no "common theme" between them. The Court also disagrees with Richardson's contention that Plaintiff made conclusory allegations rather than produce evidence of any "deliberate falsehood." The Court finds that Plaintiff specifically identified paragraphs of the search warrant affidavit that contained information that Todd knew was not true (again, viewed in a light most favorable to Plaintiff). The Court concludes that there was no palpable defect by which the Court was misled with respect to allegations that Todd deliberately falsified information in the search warrant affidavit.

Defendant includes an argument that the Michigan State Police ("MSP") continued to pursue the investigation regarding threats and harassment of Napoleon. In the March 31, 2017 Order, the Court stated that "[t]he MSP has not investigated Plaintiff." That statement was based on the deposition testimony of Sergeant Richard Sanchez of the MSP, as follows:

> Q. You also indicated to me that there was never an investigation

>                    against Renee Newell, correct?
>
> A.     On my end, yes.

*See* Dkt. No. 146, Ex. 1 at 16. No evidence to the contrary was offered by Richardson during briefing on the renewed motion for summary judgment, nor does he offer any now. Contrary to Defendant's conjecture, nothing in the March 31, 2017 "implied that, as of June 2013, the MSP had somehow exonerated [Plaintiff] from any wrongdoing." The Court cannot find any palpable defect by which it was misled in relation to Richardson's argument regarding the MSP investigation.

Richardson's motion for reconsideration concludes by accurately noting that the Court did not specify its reasons for denying his Motion for Order Regarding Exhibit 7. In the Motion for Order Regarding Exhibit 7 (and in his motion for reconsideration), Richardson suggests that Plaintiff relied on a lengthy (15 minute) telephone conversation that allegedly occurred between Napoleon and "Michael Bowles" as evidence that exonerated Plaintiff with respect to the harassment and threats against Napoleon in 2012. The Court finds that Richardson misstates Plaintiff's contentions in Exhibit 7. Exhibit 7 did not say there was a 15 minute conversation (though Plaintiff's counsel did indicate that the call was 15 minutes long in his response to Richardson's renewed motion for summary judgment). Exhibit 7

– and, especially, the supplement thereto – instead serve to clarify that the duration of the July 23, 2012 phone call from Napoleon to the number assigned to "Michael Bowles" was 13/14 seconds, as discussed above. The Court finds no palpable defect by which it was misled in denying the Motion for Order Regarding Exhibit 7.

The Court holds that Richardson has failed to demonstrate any palpable defect by which the Court was misled, and his motion for reconsideration is denied.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration [Dkt. No. 146] is **DENIED**.

IT IS SO ORDERED.

          S/Denise Page Hood
          Denise Page Hood
          United States District Judge

Dated: May 22, 2017


I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2017, by electronic and/or ordinary mail.

          S/LaShawn R. Saulsberry
          Case Manager